IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| IN Re: LYNDEN L. SEMINOLE,<br><br>Petitioner. | Cause No. CV 24-88-BLG-BMM<br><br>ORDER |

This matter is before the Court on a filing by pro se tribal prisoner Lynden Lee Seminole. (Doc. 1.) Seminole did not use the Court's standard habeas form. It remains unclear under which statute Seminole was proceeding, and Seminole was directed to file an amended petition. (Doc. 2.) The Court's order explained the requisite showings Seminole would need to make pursuant to 28 U.S.C. §§ 2254-55 or under the Indian Civil Rights Act. (*Id*. at 1-3.) Seminole was also informed he would need to pay the filing fee or submit a motion to proceed in forma pauperis and was supplied with the appropriate forms. (*Id*. at 3-4.)

Seminole failed to timely comply with the Court's order and the matter was dismissed. (Doc. 3.) Seminole subsequently filed a motion to reopen the case along with and amended petition. (Docs. 5 & 6.) Seminole explained that he was

1

not receiving all of his legal mail while incarcerated at the Grady County Jail in Chickasha, Oklahoma. (Doc. 5 at 1.) Seminole requested that he be given an additional 60 to 90 days to file a responsive pleading as he was awaiting transcripts and evidence from the Norther Cheyenne Tribal Courts. (*Id*.) Out of an abundance of caution, the matter was reopened. (Doc. 8.) Seminole was again informed that in order to complete the prescreening of his petition, he needed to provide additional information surrounding his underlying conviction, the procedural posture of his tribal proceedings, and the status of any appeals and/or collateral relief sought. (*Id*. at 2-4.) Seminole was given 60 days to respond. (*Id*. at 5.)

On November 18, 2024, Seminole filed a response, but failed to address any of the issues identified in the Court's prior order. *See*, (Doc. 9.) Seminole instead explained he still was having difficulty obtaining information relative to his tribal proceedings. Seminole also indicated that a flashdrive, purportedly containing documents from his tribal proceedings, may be filed with the Court. (*Id*.) Seminole indicated that he would be released from custody at the end of December and provided a new mailing address in Ashland, Montana. (*Id*.)

On December 20, 2024, Seminole was provided one final opportunity to comply with the Court's prior Order. (Doc. 10.) Seminole was advised that if he failed to respond within 30 days, the matter would be dismissed. (*Id*. at 2.) A copy

of this Order was mailed to the Grady County Jail, as well as to the Ashland, Montana address. (*Id*. at 3.) The mail sent to the Grady County Jail was returned as "undeliverable," (Doc. 11), however, the copy of the order sent to the Ashland address was not returned.

To date, no flashdrive has been received nor has Seminole responded to show cause order, despite being provided multiple opportunities to do so.

### i.    **Failure to Prosecute**

Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute" the action or fails to comply with other Rules of the Court. *See also Applied Underwriters v. Lichtenegger*, 913 F. 3d 884, 889 (9th Cir. 2019)(citation omitted). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with the local rules. *See Ferdik v. Bonzelet*, 963 F. 2d 1258, 1260-61 (9th Cir. 1992)(dismissal for failure to comply with a court order to amend a complaint). The Court may dismiss a case on its own without awaiting a motion. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F. 3d 683, 689 (9th Cir. 2005).

In determining whether a petitioner's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its

docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King,* 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir.1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus, the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson,* 910 F.2d 652, 656 (9th Cir.1990).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F. 3d 983, 990 (9th Cir. 1999). Seminole has failed to comply with this Court's order, despite the matter being re-opened and being provided more than 4 months within which to comply. This factor weighs in favor of dismissal.

Likewise, the second factor supports dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan v. Galaza*, 291 F. 3d 639 (9th Cir. 2002). The Court cannot manage its docket if Seminole refuses to comply with the Court's orders. Seminole's case has consumed judicial resources and time that could have been better spent on other matters. This factor, therefore, also favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the

Respondents. A rebuttable presumption of prejudice to respondents arises when a petitioner unreasonably delays prosecution of an action. *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted, although it does not weigh strongly against Seminole in the present case.

The Court has considered less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F. 2d 671, 674 (9th Cir. 1981). Although less drastic alternatives to dismissal should be considered, the Court is not required to exhaust all such alternatives prior to dismissal. *Id.* Seminole was afforded an adequate amount of time in which to respond to the prior order. He has failed to comply. Further, Seminole was advised that his failure to comply would result in dismissal of the matter. Such a warning satisfies the considerations of the alternative requirement. *See Ferdik*, 963 F. 2d at 1262. Seminole had adequate warning that dismissal would result from his noncompliance. At this juncture, the Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors disposition of cases on their merits. *Hernandez v. City of El Monte,* 138 F. 3d 393, 399 (9th Cir. 1998). But in light of the other four factors favoring dismissal, the weight of this factor is slight. No further resources of the Court will be expended.

This matter will be dismissed based upon Seminole's failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

### ii. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing Section 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Seminole has not made a substantial showing that he was deprived of a constitutional right. Moreover, there is no doubt that this Court cannot proceed without Seminole's participation in the matter. A certificate of appealability will be denied.

Accordingly, the Court enters the following:

### ORDER

1. This matter is dismissed without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

2. The Clerk of Court is directed to close this matter and enter a judgment of dismissal.

3. A certificate of appealability is DENIED.

DATED this 30th day of January, 2025.

_____
Brian Morris, Chief District Judge
United States District Court